DEAN GREGORY
4180 Arapaho Drive
Powder Springs, GA 30127
(404) 924-9371 Telephone

PLAINTIFF In Pro Per

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 05 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DEAN GREGORY, an individual<br><br>Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC.,<br>TELECHECK SERVICES, INC.,<br>TELECHECK INTERNATIONAL, INC.<br><br>and DOES 1-25<br><br>Defendants. | CASE NO. 09-CV-2127 TWT<br><br>COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. §1692); AND<br><br>(2) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681)<br><br>(3) VIOLATIONS OF GEORGIA FAIR BUSINESS PRACTICES ACT §10-1-393<br><br>(DEMAND FOR JURY TRIAL) |

**COMES NOW** Dean Gregory (hereinafter "Plaintiff") and brings this Complaint against Defendants for unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*, unlawful credit reporting practices in violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*, and unlawful, unfair and deceptive practices in violation of the Georgia Fair Business Practices Act §10-1-393.

1

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon 15 U.S.C. §1692k(d), 15 U.S.C. §1681, 28 U.S.C. §1331 and §1337, which grant the United States District Courts jurisdiction to hear this action without regard to amount in controversy. Pendent and supplemental jurisdiction is proper under 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. §1391(b)(2) as the Defendants regularly transact business in this jurisdiction and the conduct complained of occurred in this jurisdiction. Moreover, Defendants regularly use the United States mail and/or instrumentalities of interstate commerce to further its primary business purpose in this jurisdiction.

3. Declaratory relief is available pursuant to 28 U.S.C. §2201.1 and 2202.

## PARTIES

4. Plaintiff is a sui juris adult resident within the Northern Division of this District.

5. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3) and 15 U.S.C. § 1681a(c).

6. Defendant TeleCheck Services, Inc. is a foreign corporation with principal offices located at 5251 Westheimer, Houston, TX 77056.

7. Defendant TRS Recovery Services, Inc. is a foreign corporation with principal offices located at 5251 Westheimer, Houston, TX 77056.

8. Defendant TeleCheck International, Inc. is a foreign corporation with principal offices located at 5251 Westheimer, Houston, TX 77056.

9. Defendants are, and at all times mentioned herein were, debt collectors as defined by 15 U.S.C. §1692a(6) and furnishers as defined by 15 U.S.C. §1681s-2.

10. Plaintiff is unaware of the true names and capacities of Defendants herein designated as DOES 1-25, and therefore sues said Defendants by such fictitious names. Plaintiff will seek

2

leave of court to amend this Complaint to insert the true names and capacities of such fictitiously named Defendants when the same are ascertained.

## FACTUAL ALLEGATIONS

### A. Defendants' Business Operations

11. TeleCheck Services, Inc. and TeleCheck International, Inc. are businesses claiming to provide check verification and/or check guarantee services to merchants.

12. TeleCheck Services, Inc. and TeleCheck International, Inc. provide electronic check conversion services to merchants.

13. TeleCheck Services, Inc. and TeleCheck International, Inc. maintain a common website titled www.telecheck.com.

14. TeleCheck Services, Inc. and TeleCheck International, Inc. claim that they have built and maintain the nation's largest system of databases containing check writer information.

15. TeleCheck Services, Inc. and TeleCheck International, Inc. claim that they offer the most accurate check verification service in the industry with databases providing merchants with continually updated information, including bad check activity, automated inquiries using the consumer's identification (Driver's License or State ID) and checking account data.

16. TeleCheck Services, Inc. and TeleCheck International, Inc. claim that through their services, they can help merchants separate good check writers from bad ones.

17. TeleCheck Services, Inc. and TeleCheck International, Inc. claim that they can predict "with unmatched accuracy" the probability of a check being good.

18. TeleCheckServices, Inc. and TeleCheck International, Inc. contract with merchants to provide verification and/or guarantee services. Typically, when the consumer presents a check to the merchant, the check is processed through Defendants' system. TeleCheck Services, Inc. and

3

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393

TeleCheck International, Inc. then purport to use Defendants' databases and other information to issue approvals or declines, typically in the form of a Code.

19. If TeleCheck Services, Inc. and TeleCheck International, Inc. issue an approval code and the merchant accepts the check or electronic funds transfer which is later returned as unpaid (such as a nonsufficient funds check), under the terms of the agreement, the merchant submits the returned check/electronic funds transfer to TeleCheck Services, Inc. and TeleCheck International, Inc. for payment. TeleCheck Services, Inc. and TeleCheck International, Inc. then purchase the unpaid check or electronic funds transfer from the merchant, which is an alleged debt owed by the consumer.

20. Once TeleCheck Services, Inc. and TeleCheck International, Inc. purchase the unpaid check or electronic funds transfer from the merchant, TeleCheck Services, Inc. and TeleCheck International, Inc. assume the role of debt collectors within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). In that regard, TeleCheck Services, Inc. and TeleCheck International, Inc. attempt to recover the alleged unpaid check or electronic funds transfer directly from the consumer.

21. According to TeleCheck, it sometimes uses its "affiliates" TRS Recovery Services, Inc. or TeleCheck Recovery Services, Inc. to collect the alleged unpaid check or electronic funds transfer. Thus, in addition to TeleCheck Services, Inc. and TeleCheck International, Inc., both TRS Recovery Services, Inc. and TeleCheck Recovery Services, Inc. are debt collectors within the meaning of the FDCPA.

22. Defendants also engage in collection activities on behalf of merchants and financial institutions for returned checks and other unpaid items and as such, are debt collectors within the meaning of the FDCPA.

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393**

23. Defendants engage in a common enterprise, which includes common operations related to consumer credit reporting and debt collection.

24. Defendants share or have shared the same business location, all doing business at 5251 Westheimer, Houston, Texas.

25. Defendants operate several call centers throughout the country and share common agents and employees at these facilities.

26. Defendants share manpower and resources. Defendants also maintain common databases and systems, containing information regarding consumers, including check writing information, consumer debt information, collection activity and other consumer information. These common databases and systems are accessible by Defendants' agents and employees throughout the country.

27. Defendants compile, maintain and input information about consumers in their common databases and systems, including information regarding alleged unpaid debts owed by consumers.

28. Defendants maintain files on consumers in their databases and systems, including check writing histories and debt collection activity.

29. Defendants collect, maintain and report credit worthiness information on consumers to merchants and financial institutions.

### B. Facts Related to Plaintiff's Claims

30. On or about April 3, 2009, Plaintiff was contacted by TRS Recovery Services, Inc. via United States mail attempting to collect an alleged debt for a "written check" in the amount of $14.95 supposedly returned by Plaintiff's bank to TrueCredit, the original creditor, on January

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393

17, 2009. Defendant also added a fee in the amount of $30.00 and demanded a total amount due of $44.95 (See Exhibit "A").

31. Defendant thereafter reported derogatory information to "TeleCheck's National Computer Files" hindering Plaintiff's check writing ability "at over 300,000 merchants and banks who use TeleCheck's services nationally."

32. On or about April 5, 2009, Plaintiff directed Defendant to cease communication with Plaintiff and/or validate the alleged debt pursuant to 15 U.S.C. §1692g.

33. On or about April 10, 2009, Defendant contacted Plaintiff indicating the matter "has been updated in our systems as a 'Dispute' and all collection efforts have ceased." (See Exhibit "B").

34. On or about April 29, 2009, Defendant contacted Plaintiff in response to his request for validation of the alleged debt. Defendant enclosed a "copy of the purchase agreement that was returned unpaid from your bank." Defendant also indicated that TRS Recovery Services, Inc. would "continue to report ... your name and information ... in TeleCheck's Negative Database until this matter has been resolved. This may hinder your check writing ability with all Merchants and Banks that currently utilize the information contained in said database" (See Exhibit "C").

35. The "purchase agreement" from the original creditor, TrueCredit, merely alleged that "[t]he service was cancelled on March 14, 2009 because of non-payment." TrueCredit neither produced a copy of an alleged returned check nor claimed a written check from Plaintiff had been returned unpaid as claimed by TRS Recovery Services, Inc.

36. On or about May 8, 2009, Plaintiff again contacted Defendant in writing disputing the alleged debt and/or that a written check was ever returned unpaid.

6

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393

37. On or about June 8, 2009, Defendant claimed that "investigation of this matter reveals that on or about January 17, 2009, check #5251 was written to TrueCredit in the amount of $14.95. The transaction was returned unpaid by the bank ..." (See Exhibit "D").

38. Defendant claims the following information provided by TrueCredit validates the existence of a returned check and/or validity of the debt:

> *"Mr. Dean has been a customer of www.truecredit.com since April 22, 2003. On April 15, 2006 he signed up for our 30 day free trial to TransUnion Credit Monitoring Subscription, Order #10AA00015B0048. Which was cancelled on June 10, 2006.*
>
> *The same day he ordered our 3-in-1 Credit Monitoring Service, Order #10AA00E5E3E048. This service was cancelled on August 10, 2006.*
>
> *He again ordered our credit monitoring service in July of 06 and cancelled in November of 06. On May 15, 2007, Mr. Dean ordered our TransUnion Credit Monitoring Subscription for $14.95 per month, Order #112927A5ECD068. <u>Our records indicate that he has not cancelled this service.</u> This service was cancelled on March 14, 2009 because of non-payment."*

39. On or about June 30, 2009, Plaintiff obtained a copy of his TeleCheck file report. Noticeably absent is any designation that the collection item being reported as a returned check was disputed by Plaintiff as claimed by Defendant on April 10, 2009 (See Exhibit "E").

40. On or about July 20, 2009, Plaintiff disputed the validity of the derogatory information being reported by TeleCheck Services, Inc. (See Exhibit "F").

41. On or about July 27, 2009, Defendant claimed to have verified that the collection item being reported as a returned check was accurate and stated that TRS "will continue to report the above mentioned reference number(s) as an active debt to our affiliate TeleCheck Services,

7

Inc. (TeleCheck) and your name and information will remain in TeleCheck's Negative Database until this matter has been resolved" (See Exhibit "G").

42. Defendants' have failed in all respects to conduct a proper and lawful investigation as required under federal law.

43. Defendants' have failed and/or refused to modify, update or remove false, inaccurate and derogatory information from their credit reporting databases. Despite evidence to the contrary, Defendants' continue their attempts to coerce payment of an alleged debt and/or unauthorized fees by manufacturing a false and misleading claim that Plaintiff has a history of writing bad checks and/or insufficient funds activity.

44. Over the last thirty six (36) months, the Houston Better Business Bureau indicates that the Defendants' have had at least eight hundred and forty four (844) formal written complaints lodged against them for false, illegal, deceptive and tortuous conduct from similarly situated consumers.

45. Defendants' have a long, well documented history of being sued by consumers for unlawful debt collection practices in violation of U.S.C. §1692, *et seq.* and unlawful credit reporting practices in violation of 15 U.S.C. §1681 *et seq.*

46. Defendants' misconduct has significantly affected Plaintiff's credit worthiness and check writing ability with other merchants.

47. Defendants' have unlawfully engaged in a pattern and practice of illegal, abusive, deceptive and unfair debt collection and credit reporting practices by ignoring their obligations under Federal consumer protection statutes.

48. Defendants' actions are intentional, willful, and part of their routine debt collection and credit reporting practices.

49. Based on the foregoing, Plaintiff avers these facts enhance the seriousness of the violations in this case and, in fact, requires the award of substantial punitive damages.

50. Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and unduly inconvenienced by the misconduct of Defendant.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 *et seq.*

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-50.

52. Defendants' violated 15 U.S.C. §1692e(2)(A) in that their actions misrepresented the character, amount, and legal status of the alleged debt.

53. Defendants' violated 15 U.S.C. §1692g by repeatedly failing and/or refusing to properly validate the alleged debt.

54. Defendants' violated 15 U.S.C. §1692e(8) in that they communicated information which was known, or which should have been known, to be false, including the failure to communicate that a disputed debt was disputed.

55. Defendants' violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse a person in the collection of a debt.

56. Defendants' violated 15 U.S.C. §1692e(10) in that they used false and deceptive means to collect, or attempting to collect, the alleged debt.

57. Defendants' violated 15 U.S.C. §1692f(1) in that they attempted to collect a fee in excess of the alleged debt not authorized by contract or law.

58. Defendants' actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer (See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §1681 *et seq.*

59. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-58.

60. Defendants' violated 15 U.S.C. §1681 *et seq.* with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

61. Defendants' violated 15 U.S.C. §1681 *et seq.* by failing to employ reasonable procedures to timely and properly investigate the accuracy of false, inaccurate, and derogatory data after being notified such information was disputed.

62. Defendants' by their willful noncompliance with the FCRA, are liable to Plaintiff for actual damages in an amount to be determined at time of trial; punitive damages as prescribed by in an amount to be determined at time of trial; costs of suit and reasonable attorney's fees in an amount to be determined at trial.

63. Defendants' by their negligent noncompliance with the FCRA, are liable to Plaintiff for actual damages as prescribed by § 1681o(a)(1)(A), in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. §10-1-393

64. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-63.

65. Defendants' violated O.C.G.A. §10-1-393 in that they engaged in unfair or deceptive acts in the conduct of a consumer transaction. Liability is not confined in scope to the initial sale.

In *Garner v. Academy Collection Service, Inc.*, 2005 WL 6...680 (N.D. Ga. 2005), the court held that collection activities were covered under the unfair or deceptive acts and practices ("UDAP") statute "because they involved the sale and purchase of a service—the extension of credit and the associated administration and collection of the debt for Plaintiff's personal or household purposes."

66. Defendants' are liable for compensatory damages under O.C.G.A. §10-1-399(a) in that they engaged in unfair or deceptive acts during the course of a consumer transaction in violation of the UDAP statute.

67. Defendants' are liable for treble and punitive damages under §10-1-399(c) in that they willfully engaged in unfair or deceptive acts during the course of a consumer transaction in violation of the UDAP statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for each violation be entered against the Defendant for the following:

A. Declaratory judgment;

B. Injunctive relief;

C. Actual damages;

D. Statutory damages;

E. Punitive damages;

F. Costs of suit and reasonable attorney's fees; and

G. For such other and further relief as the court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury.

11

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., 15 U.S.C. §1681 ET SEQ., AND O.C.G.A. §10-1-393

DATED:  August 4, 2009

Respectfully submitted,

By: _____
DEAN GREGORY
Plaintiff In pro per